### J. U. PARSONS v. JOHN HUNT.

No. 1386.   Decided January 30, 1905.

**1.—State—Territorial Jurisdiction—Red River.**

The State of Texas has jurisdiction to the center of the stream over the waters of Red River, which constitutes its boundary. (P. 424.)

**2.—Ferry—License—State Boundary.**

Under Revised Statutes, Articles 4797-4799, a license from the commissioners court of the proper county is necessary to entitle one having a right to control the landing place upon the Texas shore to operate a ferry across Red River, the State boundary. (Pp. 424, 425.)

**3.—Land—Granting Interest In—Ferry Landing—Right of Way.**

A grant of permission by the owner of land to make use of the same for the landing place of a ferry boat and for a right of way thereto, is a conveyance of such an estate as is required to be in writing by article 624, Revised Statutes. (Pp. 425, 426.)

**4.—Case Stated.**

H. obtained from R., the owner of land fronting upon Red River, per-

mission by parol to use such premises for landing his ferry boat and for a way across same from a public road to his ferry, and expended money for constructing such way. R. sold the premises to P. who had notice of the rights claimed by H. Held, that P. was entitled to maintain injunction against H. from using the landing place or way thereto, the latter having no rights as proprietor of the ferry, in the absence of a license to maintain it from the commissioners court of the county, and the rights in the land claimed by him under the permission given by R. being such as could not be conveyed except by writing. (Pp. 422-426.)

Error to the Court of Civil Appeals for the Fifth District in an appeal from Lamar County.

Parsons sued Hunt for injunction and judgment was rendered for defendant. Plaintiff appealed, and on affirmance obtained writ of error from the Supreme Court.

*Hodges & Moore,* for plaintiff in error.—The appellee having only a parol permissive authority, given without any consideration, to do certain things (land a ferry boat) on the premises of the appellant, was in the position of a mere licensee, and such permission was revocable at any time, unless the licensor was estopped by reason of money and labor expended by the licensee in acquiring a ferry franchise and in preparing the roadway to the ferry landing as a means of enabling the public to patronize said ferry. Risien v. Brown, 73 Texas, 142; Pitzman v. Boyce, 19 S. W. Rep., 1104; Lawrence v. Springer, 31 Am. St. Rep., 702; Stevens v. Stevens, 45 Am. Dec., 203; Village of Dwight v. Hayes, 41 Am. St. Rep., 367; Bass v. Roanoke, etc., Power Co., 19 Law. Rep. Ann., 255; 1 Washburne, Real Prop., 3 ed. (top page), 544.

No person in this State can lawfully operate a public ferry over and across any of the streams in this State, or such as form the boundary line between this State and another State, without first procuring a license from the commissioners court of the county where such ferry is sought to be located, paying the tax and making the bond required by the statute. The appellee, Hunt, having failed to procure this authority had acquired no ferry rights or privilege, was at no time in a position to lawfully claim the right to operate his ferry boat for the purpose for which it was established (transporting the public over Red River) and to land the same on the premises of the appellant. Not having this privilege, appellee lost no valuable right, and suffered no injury when the appellant Parsons revoked the permission to so land his said ferry boat on the premises in question. The money and labor having been expended for the purpose of opening the roadway to the ferry, for the benefit of the ferry, in enabling the public to patronize said ferry, the value of these improvements to appellee were dependent upon his right to operate the ferry, and for the reasons above stated, were never at any time available to the appellee for use. Rev. Stats., arts. 4800-4811; Penal Code, art. 497; Hudson v. Cuero L. & E. Co., 47 Texas, 68; Buford v. Smith, 2 Texas Civ. App., 181; Tugwell v. Ferry Co., 74 Texas, 489; 2 Washburne, Real Prop., 269.

The powers of a court of equity can not be invoked by a private individual to remove an obstruction from a public highway without alleging and showing some private or special injury suffered by the applicant by reason of the obstruction, beyond what he may suffer in common with all other citizens, or residents, or by the public in general; and the failure of appellee to state in connection with his allegations of having established a public ferry on Red River for the benefit of which said road was opened, that he possessed a ferry right, or ferry franchise at that point, or that he possessed some other special, or private right that was injured by reason of the locking of said gates, rendered his pleading insufficient in law, both as a bar to the action of the appellant and to entitle him to the affirmative relief prayed for in his special answer. Butt v. Colbert, 24 Texas, 356; Page v. Arnim, 29 Texas, 72; Dunlap v. Yoakum, 18 Texas, 582; Hanger v. Little Rock, etc., Ry. Co., 11 S. W. Rep., 965.

Easements in land can only be created by written grant. The claim set up by the defendant, Hunt, was in the nature of an easement, and testimony of a parol grant was incompetent to establish the right claimed and should have been excluded by the court. Sayles' Rev. Stats., art. 624; 3 Washburne, Real Prop., 3 ed., bottom pages 635, 636; 2 Washburne, Real Prop., 3 ed., top pages 278, 279. On the question of how ferry rights and franchises are acquired we refer the court to the following: Penal Code, art. 497; Sayles' Rev. Stats, arts. 4800-4805, 4811; 2 Washburne, Real Prop., 3 ed., top page 269.

*A. P. Park* and *T. W. Carlock,* for defendant in error.—The powers of a court of equity can be invoked by a private individual to remove obstructions from a public highway where the individual, as in this case, is shown to have suffered injury of an irreparable character and different from that suffered by others in the community. Elliott on Roads, secs. 664, 665; 21 Am. and Eng. Enc. of Law, 714; Hall v. City of Austin, 20 Texas Civ. App., 65.

Where a dedication is made for the use of the public it may be by parol; no writing is necessary to create the easement. City of San Antonio v. Grandjean, 91 Texas, 434; Oswald v. Grenet, 22 Texas, 99; Bell v. Todd, 51 Mich., 21.

Appellant not asserting a preference ferry privilege, not being engaged in the operation of a public or private ferry himself, nor expressing an intention to operate a ferry franchise, is in no position to enjoin the operation of appellee's ferry on the ground that it is unlicensed.

BROWN, Associate Justice.—J. U. Parsons instituted this suit in the District Court of Lamar County for the purpose of securing an injunction to restrain the defendant, John Hunt, from maintaining and operating a ferry across Red River between Lamar County, Texas, and the Indian Territory, and from landing his boat on the Texas side on the land which belonged to the plaintiff; also from discharging passen-

gers, animals and other things that might be transported across the said river in the boat upon the land of Parsons. It was alleged that Hunt had not secured a license from the Commissioners Court of Lamar County to operate said ferry and was conducting the said business contrary to law. A temporary writ of injunction was issued. Hunt answered by general demurrer and special exceptions, a general denial and special answer, setting up an agreement between the defendant and N. F. Rutherford, who then owned the land, to the effect that Hunt should have the privilege of landing his boat upon the said land at the place pointed out and of discharging his freight and passengers at that place, and that the said Rutherford agreed with said Hunt that the latter might open up a road from the ferry landing to a public road at or near Garrett, in Lamar County, for the purpose of accommodating the travel to and from the said ferry. It was alleged that Parsons bought the land from Rutherford with notice of the agreement, that Parsons subsequently agreed that the road should be opened, and that Hunt had continued to operate a ferry across the said river at that point since 1893. Defendant prayed that Parsons be enjoined from locking the gates through which the road passed and from interfering with the use of the road by the public. A more particular statement of the pleadings is unnecessary.

The honorable Court of Civil Appeals failed to make a statement of the facts and we must resort to the findings of fact by the trial court, from which we make the following statement: In 1893 or 1894, with the consent of N. F. Rutherford, then the owner of the land on the Texas side of Red River in Lamar County, at the point over which this litigation is had, John Hunt, without procuring a license from Lamar County, established a ferry across Red River, landing the boat on the Texas side of said river on the land of Rutherford, and, since that time, without license, maintained and operated the said ferry, landing passengers, animals and whatever might be transported across the said river on Rutherford's land at a point which Rutherford had designated and pointed out for that purpose. In order to accommodate the patrons of the said ferry, Rutherford gave Hunt permission to open a road from the ferry on the Texas side over Red River to a public road at or near Garrett in Lamar County. Hunt opened the road at an expense of about $250. This road was used by the public who patronized the ferry from that time until the institution of this suit. Parsons bought the land from Rutherford with full knowledge of the existence of the agreement for maintaining the ferry at the point designated and also the agreement for the use of the roadway over the land which he purchased. The road ran through two gates, one of which was not on Parsons' land but under his control. In 1902, before the institution of this suit, Parsons locked the two gates and notified Hunt to cease landing his boat upon the land formerly used by him.

The following articles of the Revised Statutes prescribe the terms upon

which ferries may be operated and maintained across the waters over which the State of Texas has jurisdiction:

"Art. 4797. Every person owning the land fronting upon any water course, navigable stream, lake or bay, shall be entitled to the privilege of keeping a public ferry over or across such water course, stream, lake or bay; if he owns the lands on both sides 'or banks, he shall be entitled to the sole and exclusive right of ferriage at such place; if he owns the lands on one side only, he shall have the privilege of a public ferry from his own shore, with the privilege of landing his boat and passengers on the opposite shore, with the consent of the owner of the land on said shore; if such consent can not be obtained, he may apply to the commissioners court for the establishment of a public road from said opposite shore, and said court shall act on such application as in other cases.

"Art. 4798. No person shall keep any ferry over or across any water course, navigable stream, lake or bay, so as to charge any compensation for crossing the same, without first procuring ·a license from the ·commissioners court of the county in which such ferry is situated."

The State of Texas has jurisdiction over the waters of Red River to the center of the stream. Spears v. State, 8 Texas Crim. App., 467; Tugwell v. Eagle Pass Ferry Co., 74 Texas, 480. In the first case cited above this question was directly presented to the Court of Criminal Appeals by the brief of the appellant, in which the provisions of the different treaties were stated and the claim was made that a proper construction of the treaty provisions would confine the jurisdiction of this State to the south bank of the river. In a very clear and able opinion by Judge George Clark, then a member of that court, it was held that the jurisdiction of the State extended to the middle of the stream. In Tugwell v. Eagle Pass Ferry ,Company, before cited, it was held that the Commissioners Court of Maverick County had jurisdiction to grant a license to maintain a ferry across the Rio Grande River· and that such authority extended to the middle of that stream.

It is claimed by the defendant in error in this case, and was so held by the Court of Civil Appeals, that the articles above quoted are limited to streams wholly within this State by article 4799:

"Art. 4799. When a water course, navigable stream, lake or bay makes a part of the boundary line of this State, if any tax or charge shall be assessed or collected by any such adjoining State for the privilege of a ferry landing on the shore or bank of such State from this State, then the same tax or charge may be assessed and collected by the commissioners court for the like privilege of landing on the bank or shore of this State." The effect of this article was declared in Tugwell v. Eagle Pass Ferry Company, in which Judge Gaines announced the conclusion of the court in these words: "The third section of the Act of 1850 (now article 4438 of the Revised Statutes) we think provides for a system of retaliation rather than of reciprocity, and in our opinion its validity may be seriously doubted. It was evidently not intended to provide either

for the establishment or regulation of ferries." The question here involved lay at the foundation of that case. Tugwell had a license from the county of Maverick, authorizing him to operate a ferry across the Rio Grande River at Eagle Pass, but the ferry company had no license to maintain a ferry at that place. An injunction was sought by Tugwell to restrain the company from operating a ferry across the Rio Grande River at the town of Eagle Pass. Counsel for the ferry company presented to the Supreme Court the question here involved in this language: "The Rio Grande being a boundary of the State of Texas and lying between the United States and the Republic of Mexico, the Commissioners Court of Maverick County had no power or authority to establish or license any ferry across it"—citing Revised Statutes, article 4438, now 4799. In response to that objection the language above quoted expressed the conclusion of the court and must be recognized as an authoritative decision of the very question at issue. The ground upon which the injunction was sought in that case was that the plaintiffs therein had procured a license from Maverick County to operate a ferry at that place and that the defendant, the ferry company, had not procured such license. To sustain the judgment it was necessary to hold that the plaintiffs' license was properly granted by Maverick County and that the defendant company could not lawfully operate a ferry without a license from that county. The question could not have been more pointedly presented, nor more explicitly determined than was done in that case.

It is undisputed that Hunt had not procured a license to operate the ferry across Red River, hence he was operating it in violation of law and had no legal right to have the public road kept open. If he had been a citizen of Texas, which he was not, he would have had no right in the public road, except that which was common to all citizens who lived near thereto, and could not have maintained an action to compel Parsons to leave the gates, through which the road ran upon his premises, unlocked for the accommodation of the public.

The defendant in error claims that the consent and permission given by Rutherford for the landing and fastening of the ferry boat to the land of the latter on the Texas side of Red River vested in Hunt a continuing right which could not be revoked by Rutherford or by his vendee Parsons. Conceding the effect claimed for the permission given, it follows that under article 624, Revised Statutes of this State, the agreement was void because such a right could not be conveyed by parol agreement. Article 624 is in this language: "No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing." Whether the right acquired in the land of Rutherford be denominated an easement or a license it can not be conveyed except by writing. In 18 American and English Encyclopedia of Law it is said: "While a license proper may

be created orally, if that which is given is equivalent to an estate in the land, it is not strictly a license, and a writing sufficient to satisfy the statute of frauds is required." Cook v. Stearns, 11 Mass., 537. In the case last cited the court said: "Licenses to do a particular act do not in any degree trench upon the policy of the law which requires that bargains respecting the title or interest in real estate shall be by deed or in writing. They amount to nothing more than an excuse for the act. which would otherwise be a trespass. But a permanent right to hold another's land for a particular purpose, and to enter upon it at all times without his consent, is an important interest, which ought not to pass without writing, and is the very object provided for by our statute."

The right claimed in this case is of equal dignity with a right of way for a railway company or an irrigation canal, which it has been held in this State must be conveyed in writing. Texas & P. Ry. Co. v. Durrett, 57 Texas, 48; Toyalio Creek Irr. Co. v. Hutchins, 21 Texas Civ. App., 280. In Railway v. Durrett, Judge Stayton said: "Such a right as the conveyance by the husband purports to convey, if considered simply as an easement, is an interest in land which could only be created by deed or grant." Of the right of way for a canal, Chief Justice Connor said in Irrigation Company v. Hutchins: "Ordinarily an easement of the character in question can only be acquired by grant or condemnation. Such easements are denominated interests in land which can be conveyed only by deed or grant." In that case application for writ of error was made to the Supreme Court and refused.

Conceding that the language attributed to Rutherford, giving the permission to use his land as a landing place for Hunt's ferry boat, conferred upon the latter a continuing right to use the land for that purpose so long as the ferry was maintained, it constituted such an estate in the land as would pass with the ferry by descent to the heirs or legatees of Hunt, therefore is embraced in article 624, above quoted. The parol conveyance of the right claimed was contrary to the statute and therefore void. It follows as a necessary consequence that the plaintiff, Parsons, was entitled to have the trespasses upon his land by Hunt enjoined, and that Hunt was not entitled to any remedy against Parsons on his plea for injunction.

It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that judgment be here entered as the trial court should have entered on the finding of fact; that the writ of injunction as prayed for in the petition of plaintiff in the court below be issued enjoining the defendant, Hunt, from landing his ferry boat upon or fastening the same to the land of plaintiff, Parsons, and that the said Parsons recover of Hunt all costs in all of the courts. It is further ordered that the defendant in error, Hunt, take nothing by his cross-action, but that the costs of the same be adjudged against him.

*Reversed and rendered.*