### GREEN et al. v. GERNER et al.
### No. 7410.

Court of Civil Appeals of Texas. Austin.
April 2, 1930.

Rehearing Denied April 23, 1930.

C. A. Teagle and Allen B. Hannay, both of Houston, for appellants.

W. F. Tarver and Campbell, Myer & Foster, all of Houston, for appellees.

McCLENDON, C. J.

Appellees, owners of lots in blocks 46 and 47, Roseland addition to the city of Houston, sued appellant to restrain him from erecting an apartment house containing eight apartments on lots 6 and 7, in said block 47, in violation of a building restriction. In an appeal from an order granting a temporary injunction to the Galveston Court of Civil Appeals (283 S. W. 615), it was held that the building restriction at issue inhibited apartment houses, and that the issues of waiver and estoppel were not raised by the evidence. Writ of error was granted by the Supreme Court, and the Galveston court's judgment was affirmed under an opinion by the Commission of Appeals (289 S. W. 999, 1000). In that opinion the Galveston court's construction of the building restriction was expressly approved. It was held, however, that, under the language of the several deeds under which the parties claimed, the building restrictions did not inure to the benefit of the grantees of other lots in the addition, and that, under the facts presented by the record, there was no showing of a general plan under which the addition was laid out and lots therein sold which would entitle owners of vicinal lots, under the holding in Curlee v. Walker, 112 Tex. 40, 244 S. W. 497, to enforce the building restrictions.

The present appeal is from a judgment perpetuating the injunction, rendered upon a directed verdict; and the main issue presented is whether the evidence conclusively shows that there was such a plan adopted and carried out as would entitle appellees to enforce the restrictions against appellant.

In view of the holding of the Galveston court that the evidence does not raise the issue of waiver or estoppel, we pretermit discussion in that regard.

Upon the issue of a general plan promulgated and carried out with reference to the addition, the following facts appear without dispute in the evidence:

Cohen, the owner of the land, laid out the addition and caused a plat thereof to be placed of record. The addition is marked out in red lines on this plat, and within the red lines 12 blocks of varying shapes and sizes were platted. Blocks 37, 16, and 17, in the order named, extend from west to east across the south end of the addition, contain, in the aggregate, 10 lots, and are all south of and cut off from the rest of the addition by the San Antonio & Aransas Pass Railroad tracks. Blocks 46 and 47 are on the west side of the addition, have a west frontage on what is now Montrose boulevard, and an east frontage on Kyle street. Blocks 6 and 15 are to the east, respectively, of 47 and 46, and have a west frontage on Kyle street; block 5 is immediately to the north of block

6; block 4 is to the east of block 5; blocks 7 and 14 are to the east of blocks 6 and 15; and block 13 is to the east of block 14. As shown by record plat, there are altogether 95 lots within the red lines. Lots 6 and 7 in block 47, upon which appellant proposed to build the apartment, occupy the southwest corner of block 47, and front on Montrose boulevard.

After platting the addition, Cohen gave exclusive agency to Britton, who advertised it extensively through the press as a high-class residence addition; the building restrictions being advertised as one of the features which would "always guarantee Roseland being one of the high-class additions." Other advantages, such as schools and other high-class residence additions adjoining or in the immediate vicinity were advertised as advantages of the addition for residence purposes. It appeared from deeds in evidence that Cohen had sold all but 22 lots in the addition; and in all of the deeds, with but few exceptions, to be noted later, the building restrictions were identical with those in the deeds under which appellant and appellees claim. This is true of all of the lots in blocks 46 and 47, except lot 6 in the southeast corner of block 46, which was still owned by Cohen. Of the 22 unsold lots, 10 were south of the railroad, 1 in block 46 as stated, 2½ in block 6, 3½ in block 15, and 5 in block 13. The deeds introduced covered all of the unsold lots except 2, being lot 9 in block 14 and lot 7 in block 4. These it will be observed are some distance from Montrose boulevard. The restrictions upon lot 1 in block 5, lots 7 and 8, and a part of lot 16 in block 14, and a part of lot 11 in block 13 are somewhat different from those in the deeds of appellant and appellees; but in general the use of the property is restricted to residence purposes, and business and other classes of establishments are prohibited. The restrictions in all the deeds expire in 1937. The evidence is conclusive that the restrictions, for residence purposes only, affected the value of the property in the addition, and was a material inducement to appellees and others to buy and build in the addition. All of the appellees had built on the property they purchased in blocks 46 and 47 substantial homes, in which they were residing.

Appellant was cognizant of the restrictions before he made his purchase, and he made an examination of the buildings within the addition and their use before making his purchase.

As we construe the opinion of the Commission of Appeals, the record then before the court was held not to evidence such a general plan as was held necessary under Curlee v. Walker, to entitle vicinal owners to enforce the building restrictions, in particulars set out in the following quotation: "The deeds in evidence convey, in the aggregate, 11 lots, and the plat shows that a part of the 'addition' is subdivided into 86 lots, and that a large part of it has not been subdivided into lots, and a large portion of the 'addition' is still owned by Cohen. It results that there is not in the language of the deeds, or in that language as construed in the light of, or as supplemented by, 'the surrounding circumstances,' so far disclosed an effect which make the restrictive covenants or conditions imposed by Cohen upon the lots now owned by Green operate for the 'benefit of all the lands' and the various owners thereof, under the principles declared in Curlee v. Walker, supra."

■ The record showing in the present appeal brings the case clearly within the holding in Curlee v. Walker, unless it should be held as essential to carrying out the general plan that all lots in the addition must have been sold by the original owner and the restrictions embodied in all the deeds from him. We do not so construe the opinion in Curlee v. Walker. In that case it appears that only "practically all" of the lots in the restricted area were sold. In Hooper v. Lottman (Tex. Civ. App.) 171 S. W. 270, a very carefully considered case by the El Paso court, the holding in which was expressly approved in Curlee v. Walker, it was held that it was not essential in the execution of the general plan that every lot in the addition should be impressed with the restriction.

■ The general plan of a residence district with restrictions as contained in the deeds of appellant and appellees is shown without controversy. This plan was carried out with reference to every lot in block 46 and 47, except lot 6 in block 46, the title to which still remained in Cohen. The restrictions affected every lot in these blocks fronting on Montrose boulevard. The only lots that had been sold where no restriction was shown or where the restrictions were somewhat different from those in the deeds of appellant and appellees were in the north part of block 5 and in blocks 7 and 14. All of these lots were separated some distance from blocks 46 and 47.

■ We do not believe the failure to have the same restrictions apply to this limited number of lots, considering especially their remoteness from the property in question, should be held to raise a fact issue of failure to carry out the general plan which Cohen had adopted originally in putting the addition on the market.

There are some questions of admission of oral testimony raised in appellant's brief. We think the objections urged are without merit; but at any rate the admission of this testimony is harmless, in view of our holding that appellees' right to recover was conclusively shown by the evidence.

The trial court's judgment is affirmed.

Affirmed.