CALVARY TEMPLE, Appellant,

v.

Blanche J. TAYLOR et al., Appellees.

No. 12918.

Court of Civil Appeals of Texas.

Galveston.

March 22, 1956.

Jones, Donoghue & Butler, and William B. Butler, Houston, for appellant.

Fred W. Moore and Richard O. Werlein, Houston, for appellees.

HAMBLEN, Chief Justice.

This appeal is from an order of the District Court of Harris County refusing appellant's motion to dissolve a temporary injunction theretofore issued by that court. The facts essential to its determination may be stated as follows:

Appellant and appellees are owners of property in Westmoreland Addition to the City of Houston. The land constituting that Addition was at one time owned in its entirety by South End Land Company. That Company caused the land to be subdivided into lots and blocks, with appropriate streets characteristic of an urban subdivision. All of the lots in such subdivision have now been sold by South End Land Company and the Company is dissolved. Each conveyance by South End Land Company contained restrictive covenants as to the use which might be made of the property conveyed, among which was one providing, "No building erected or placed upon the land hereby conveyed, shall be

used or occupied for any purpose except that of residence; nor shall said land, or any portion thereof, be used or occupied for trade or business." This covenant was common to every conveyance in Westmoreland Addition and was expressly stated to be a covenant running with the land. Each conveyance by South End Land Company also contained words as follows: " * * * It shall be lawful for any person owning land fronting on ——— Street, as aforesaid, which is subject to the same restrictions or conditions in respect to which default is made, to institute and prosecute appropriate proceedings at law or in equity for the wrong done or attempted." In the space shown as an omission in the foregoing quotation, there was in each conveyance inserted the name of the street upon which the particular lot or lots therein conveyed fronted according to the recorded map or plat of the subdivision. This provision was likewise common to every conveyance in Westmoreland Addition, the only variation being in the name of the street designated therein which was in each instance made to conform to the street upon which the property conveyed fronted as shown by the plat or map.

Appellant became the owner by purchase of Lots 16 and 17, Block 9, of Westmoreland Addition, which was shown on the plat of that subdivision to front upon and does in fact front upon what was then known as Ross Street and is now known as West Alabama Street in the City of Houston. In appellant's chain of title is a deed from South End Land Company in which is contained the covenant hereinabove set forth restricting the property to residential use and the provision, " * * * It shall be lawful for any person owning land fronting on Ross Street, as aforesaid, which is subject to the same restrictions or conditions in respect to which default is made to institute and prosecute appropriate proceedings at law or in equity for the wrong done or attempted."

After its purchase appellant, or the unincorporated association which it succeeds, began the erection on its property of a building designed and intended to be used as a church. Certain individuals as parties plaintiff instituted a suit in the District Court of Harris County seeking a temporary and permanent injunction against appellant and the association which it succeeds. All of the parties plaintiff were individuals who owned property in Westmoreland Addition subject to the same restrictions or conditions as those to which appellant's property was subject. Some of such parties plaintiff owned property on Ross Street (now West Alabama Street). The remaining parties plaintiff owned property fronting on streets other than Ross Street.

After a hearing, the trial court granted a temporary injunction, the effect of which was to halt the construction of the church by appellant and to maintain the status quo pending a final hearing. Appellant gave notice of appeal, but before perfecting same certain of the original parties plaintiff moved the trial court to dismiss them as parties to the suit, which motion was granted. The parties so dismissed constitute all of the original plaintiffs whose property fronts on Ross Street. Only those individuals whose property fronts on streets other than Ross Street remain as parties plaintiff. Appellant thereupon filed a motion to dissolve the temporary injunction. This appeal is from the order overruling that motion.

Appellant presents one point of error, the basis of which is that at the time of the hearing on the motion to dissolve the injunction none of the parties plaintiff had the right to enforce the restrictive covenants upon which the injunctive relief was based and therefore the court erred as a matter of law in overruling the motion. Before discussing appellant's point, we think it appropriate to define the issue as we see it.

As a general rule, a suit for the equitable enforcement of a restrictive covenant is maintainable only by one for whose benefit the covenant was intended. In many instances the instrument creating the restrictive covenant expressly identifies those persons for whose benefit the covenant was

intended. In the present case, the instrument under which appellant holds title expressly confers a right of action to enforce the restrictive covenants upon any person owning property fronting on Ross Street. That the covenants were intended for the benefit of such persons is clear. None of the appellees before this Court, however, occupy that status. They alleged their right to the relief granted them upon the proposition that Westmoreland Addition was developed under a general plan or scheme under which it was intended that the restrictions should inure to the benefit of all lot owners. Their trial pleadings are such as to bring them within the rationale of a long line of decisions by the courts of this State. Hooper v. Lottman, Tex.Civ.App., 171 S.W. 270; Curlee v. Walker, 112 Tex. 40, 244 S.W. 497; Green v. Gerner, Tex.Com.App., 289 S.W. 999; Green v. Gerner, Tex.Civ.App., 27 S.W. 2d 828; Couch v. Southern Methodist University, Tex.Civ.App., 290 S.W. 256.

The entire basis of appellant's assertion of error on the part of the trial court rests upon the proposition that the grantor in the deeds under which these litigants hold title, having expressly identified those persons for whose benefit these covenants were intended, has thereby conclusively negatived any intention that they inure to the benefit of other lot owners not so identified. We have concluded that upon the state of the record before this Court, appellant's point of error is not well taken and must be overruled.

The appellees before this Court rely for affirmance primarily upon the case of Abernathy v. Adoue, Tex.Civ.App., 49 S.W.2d 476, 478, decided in 1932 by the Beaumont Court of Civil Appeals, which involved the identical restrictive covenants now under consideration and which appellees say is binding on this Court both as a rule of property and under the doctrine of stare decisis. That suit was originally instituted by and against parties all of whom owned property fronting upon a common street in Westmoreland Addition. During its pendency, other parties who owned property fronting on other streets, such as do appellees now, intervened. The appellant in that case as one of his points of error complained of the action of the trial court in overruling his exceptions to such interventions. The Beaumont Court of Civil Appeals held that the appellant had not properly perfected his record to support his complaint. After so ruling, however, the court stated as follows:

"But the filing of these pleas was justified by the allegations of the interveners that the general plan or scheme of South End Land Company in platting and dedicating and selling Westmoreland addition was to create a highly restricted residential district and that the removal of the restrictions from appellant's lots would injure their property. While the interveners were not given a specific right, by the deeds under which they held, to contest appellant's petition, yet, under general principles of equity, they had the right to do so by showing that the cancellation of these restrictions would violate the general plan or scheme under which they purchased their property, resulting in damage to their property."

The language quoted admittedly lends strong support to the position of the appellees before this Court, however such quoted language was entirely unnecessary to the decision of the litigation before the court and amounts only to dicta. We do not understand that dicta is under any conditions binding upon any court either as a rule of property or under the doctrine of stare decisis. Furthermore, being the decision of a court of civil appeals, the doctrine of stare decisis is in no event applicable. In its application to this present litigation, we consider the quoted statement from the court's opinion to have persuasive value only.

We have diligently examined all of the cases cited by the litigants and with the exception of Abernathy v. Adoue, supra, have found none which we consider to be sufficiently analogous from a factual standpoint as to be determinative of the question here presented. We will discuss two deci-

sions by the Dallas Court of Civil Appeals which we consider to be highly persuasive.

In Pierson v. Canfield, Tex.Civ.App., 272 S.W. 231, 232, the court had under consideration certain restrictive covenants which were shown to be common to all conveyances of property within an addition known as Trinity Heights. Each deed also contained the following provision:

" 'The above conditions, and each of them, shall run with said property, and bind the same in the hands of all subsequent owners; however remote; and, should any of said conditions at any time be violated, the title to said property shall revert to the grantors herein, their heirs or assigns, as the case may be.' "

The suit was brought by grantees under the subdivider to obtain injunctive relief against a violation of the covenants by another grantee. In its discussion of the question presented, the court used the following language:

"It will be observed that the restrictions contained in the deed, under which appellant claims, are in form and meaning conditions subsequent. The conveyance by its terms provides that, should any condition be violated, the title to the lot of land shall revert to the grantors, their heirs, or assigns. The reversion clause is in favor of the grantors, their heirs, or assigns, and, as appellees belong to neither group, are not entitled to enforce the condition. *It is not intended by this holding to intimate that, in a proper case, restrictions such as these may not also be enforced as covenants by purchasers of other lots under a uniform settlement scheme,* but the holding is, that there is nothing in the evidence tending to show that the restrictions are other than what they purport to be, that is to say, conditions subsequent, for the violation of which the grantors, their heirs, and assigns, alone, can claim forfeiture. 12 C.J. 410: Werner v. Graham, 181 Cal. 174, 183 P. [945] 947." (Emphasis added.)

Again, in the case of Monk v. Danna, Tex.Civ.App., 110 S.W.2d 84, 86, the court considered a situation in all material respects similar to that in Pierson v. Canfield, supra. The court's views upon the question are disclosed by the following quotations from the opinion:

"Under an express provision in the deeds, the grantor (Stevenson) alone (or his successor or assign) was entitled to take advantage of a breach of the covenants. Standing alone, and aside from matters extrinsic written instruments, the presumption should be indulged that the restrictions were inserted in the deeds for the benefit alone of the grantor. Davis v. Skipper, 125 Tex. 364, 83 S.W.2d 318, 322. An easement or servitude, being an interest in land, cannot be created other than by an instrument in writing. See Rev.Stats. art. 1288; Parsons v. Hunt, 98 Tex. 420, 84 S.W. 644, 646; Miller v. Babb, Tex.Com.App., 263 S.W. 253; Pierson v. Canfield, Tex.Civ.App., 272 S.W. 231. However, as contended by appellees, the doctrine has so often been announced in this state and by courts the country over, as not to admit of further debate, that, where the owner of a tract of land subdivides it and sells distinct parcels thereof to separate grantees, imposing restrictions upon its use pursuant to a general plan of development or improvement, such restrictions may be enforced by any grantee against any other grantee, either upon the theory that there is a mutuality of covenant and consideration, or upon the ground that mutual negative equitable easements are created. * * *

"As this case is yet to be tried on its merits, we express no opinion as to the probative value of the evidence, except to say that, in our opinion, the issue presented in regard to the existence, whether or not, of a uniform restricted residential district with restrictions mutually binding upon all grantees was raised by the evidence; * * *."

Pierson v. Canfield, supra, was cited with approval by this Court in Goodman v. Bingle, Tex.Civ.App., 48 S.W.2d 432.

We construe the effect of these decisions, stated abstractly, to be that where lots in a subdivision are sold subject to common restrictive covenants such as to indicate a general plan or scheme, an express reservation of a right of enforcing such covenants does not conclusively negative an intent that such covenants were also for the benefit of and enforceable by other owners to whom such right of enforcement was not expressly granted. That the distinction of a reservation of right in those cases, as opposed to a grant of right in the present would effect a legal difference appears to be refuted by the dicta of Abernathy v. Adoue, supra. We have found no authority to the contrary of this proposition. We do not deem it to be a proper function of this Court in this proceeding to undertake to evaluate the philosophy of the decided decisions. This appeal is from an interlocutory order of the trial court, the effect of which is to maintain the status quo pending a final hearing. The effect of a contrary conclusion upon the law by this Court would be to dissolve the restraint and permit appellant to complete its building. If after final hearing it should be determined that this Court erred, the harm which would result is manifest. Under such circumstances, we feel that it is proper to apply to this appeal that statement of the law which finds support in decisions of other courts of civil appeals even though they are not binding under the doctrine of stare decisis.

When that application is made, the following conclusions appear to us to be compelled. The temporary injunction issued by the trial court is in favor of certain parties plaintiff who do not own property fronting on Ross or West Alabama Street and who were not given a specific right by the deeds under which they hold to enforce the restrictive covenants. The record on this appeal does not include a statement of the evidence upon which the trial court rested its decision. Under such circumstances, it must be presumed that the trial court found those facts which were necessary to support its judgment and that the evidence supports such findings. When appellant filed in the trial court its motion to dissolve the temporary injunction, it assumed the burden of negativing those facts which support the trial court's order. The record discloses that upon the hearing of the motion to dissolve, appellant offered only the deed under which it holds title together with proof that no plaintiff then before the trial court owned property fronting on Ross or West Alabama Street, relying upon the asserted proposition that since the deed expressly granted a right of enforcement, there is thereby conclusively negatived any intent that the covenants inured to the benefit of other owners. That proposition does not appear to be the law in this State insofar as it has been announced under the decisions which we cite. We, therefore, conclude that appellant did not meet the burden of proof upon it at the hearing of the motion to dissolve the temporary injunction.

The following additional facts which the record discloses, have influenced our decision. As heretofore related, appellees, in their trial pleadings alleged facts, the legal effect of which was to bring them within the doctrine announced in Hooper v. Lottman, supra, and the other decisions of the courts of this State heretofore cited, namely that the addition here involved was created under a general plan or scheme of restrictive covenants in the enforcement of which all property owners have an interest. This petition, being sworn to, was under the law, sufficient to sustain the trial court's order granting the temporary injunction. Appellant's motion to dissolve the temporary injunction, while sworn to, does not undertake to deny the facts alleged by appellees which support the trial court's order. Therefore, if, as the cited cases indicate, it is the law that a specific grant of power to enforce restrictive covenants to certain persons does not conclusively negative an intent that they

be enforceable by persons to whom such power was not specifically granted, appellant has failed, both in pleading and proof, to sustain its burden. Rule 690, T.R.C.P.; Cruse v. Mann, Tex.Civ.App., 74 S.W.2d 545.

 We think it appropriate to state that we agree with appellant in its proposition that proof that a general plan for the development of the addition existed would not aid appellees until they proved additionally that under the plan or scheme adopted it was intended that the restrictions would inure to the benefit of all lot owners. Monk v. Danna, supra. We further agree that the deed under which appellant holds title is strongly probative of the fact that such intent did not exist. Standing alone, and aside from matters extrinsic the written instruments, the presumption would be that the restrictions were inserted in the deeds for the benefit alone of the owners of property fronting upon the particular street named in the respective deeds. The doctrine of inclusio unius est exclusio alterius would appear to compel that presumption. In this connection, we have examined with interest the decisions of the appellate courts of California in the cases of Joyce v. Krupp, 83 Cal.App. 391, 257 P. 124, and Collani v. White, 38 Cal.App. 2d 539, 101 P.2d 767. However, we cannot agree with appellant that the presumption is conclusive. Our holding is limited to the proposition that under the record before us and in the light of the authorities which we have cited, we cannot say that the trial court erred in refusing to dissolve the temporary injunction.

■ Appellees have filed a motion to dismiss this appeal, which was ordered taken with the case. The basis of the motion is that only Calvary Temple, a corporation, perfected an appeal and only Calvary Temple, the unincorporated association, filed an appellate brief. We have examined the brief and construe the reference therein to "Calvary Temple, a church" as having reference to the corporation as opposed to the individual defendants before the trial court. We construe the brief before us to

have been filed on behalf of the corporate defendant, and, therefore, overrule appellees' motion to dismiss.

The judgment of the trial court is affirmed.