[L. A. No. 4601. Department Two.—August 2, 1918.]

ADDIE D. BRYANT et al., Appellants, v. EDWIN P. WHITNEY, Respondent.

PLEADING—AMENDMENT OF COMPLAINT AFTER TRIAL—DENIAL UNNECESSARY.—When an amendment to a complaint has been added after trial, apparently to conform to the proof, a formal answer thereto is unnecessary, for the amendment is deemed denied.

INJUNCTION—VIOLATION OF BUILDING RESTRICTION—ACQUIESCENCE IN—PROPER REFUSAL OF RELIEF.—A court of equity will not enjoin the violation of a building restriction by the owner of a lot in a tract sold pursuant to a general plan of improvement for the benefit of all the lots, where there have been such violations of the restrictions by plaintiffs and others, acquiesced in by the plaintiffs, as to preclude them from enforcing such restriction against the defendant.

ABANDONMENT OF BUILDING RESTRICTIONS—RULE.—Where there has been no uniform observance of the restrictions, and substantially

all the land owners have so conducted themselves as to indicate an abandonment of the right, which is in the nature of an easement, to have the neighborhood kept to the standard established by the original plan, and where the enforcement will not tend materially to restore to the district the character imposed upon it by the scheme, and the infraction complained of does not diminish the value of the other estates, then it would be inequitable and oppressive to compel at great loss a compliance with the restrictions.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

Stewart & Stewart, for Appellants.

Tanner, Odell & Taft, for Respondent.

WILBUR, J.—Plaintiffs appeal from the judgment denying them relief by injunction from an alleged violation of a building restriction by defendant, by the erection of two houses on one lot (13), each alleged to be of a cost of less than one thousand five hundred dollars, the restricted amount, and alleged to be "nearer than four feet from the side lines of said lot." The court found that the houses were to cost more than one thousand five hundred dollars each, but that one was within three feet and eight inches of the south side line of the lot, with a chimney projecting one foot further, four feet in width. There was no privity between the plaintiffs and the defendant, who were lot owners within the same tract, but all derived their title to their lots from one Mary King Elliott, who purchased twenty-eight lots in the Dos Robles Park Tract, Alhambra, already subdivided, fronting on Dos Robles place, and thereafter at various times from January 15, 1908, to January 7, 1911, sold said lots, including those of the parties hereto, to various purchasers, each lot by its deed of conveyance from said grantor being subject to the same building restriction, which, so far as involved in this case, reads as follows:

"This deed is made and accepted upon the following express conditions, to wit:

"First: That said property shall be used for residence purposes only, and such residence shall cost not less than

$1500.00 and shall be located not nearer than twenty (20) feet from the front line of said lot or nearer than four (4) feet from either side line there.''

Plaintiff relies upon the rule that where, under a general plan of improvement for a particular tract, such restrictions are imposed, equity will enjoin the violation of such conditions or covenants, if any, by the grantees of such lots. The original complaint, however, failed to allege a general plan of improvement, but after answer and trial it appears that an amended complaint was filed alleging, ''That, pursuant to a general plan of improvement for the benefit of all lots of said tract, each lot of said tract was, by one grantor, sold and conveyed by recorded deed, each lot, except lot 1, subject to uniform building restrictions inserted in the deed thereof in words and figures following,'' etc. This allegation was not denied, and the court made no finding on the issue so presented, if any, nor was the failure to so find specified as an error on motion for a new trial. When the amendment to the complaint has been added after trial, apparently to conform to the proof, a formal answer thereto is unnecessary, for the amendment is deemed denied. (*McDougald* v. *Argonaut Land etc. Co.,* 117 Cal. 87–95, [48 Pac. 1021] ; *Hines* v. *Brode,* 168 Cal. 507, 516, [143 Pac. 729].) Assuming, without deciding, however, that plaintiff sufficiently alleged a general plan of improvement, and that the findings of court as to the method by which said restrictions were imposed upon the land of the parties amounted in legal effect to a finding that there was a general plan of improvement, an assumption most favorable to plaintiffs, respondent nevertheless claims that there have been such violations of the restrictions by plaintiffs and others, acquiesced in by plaintiffs, as preclude them from enforcing such restriction against the defendant. The violation of the restriction by the defendant, which is found by the court, consisted in placing the building, with a projecting chimney, too close to the side line of the lot. In April, 1912, on lot 5 two apartment houses were erected, each within one foot of the respective side lines. In 1913, on lot 23, apartment houses were erected, two less than four feet from the northerly line and one within less than four feet of the southerly line. Plaintiffs Addie D. Bryant and

Annie J. East occupy and maintain four houses on three lots. On lot 21 a house has been erected, the body of which is within four feet of the south line and the roof of which projects over the north line of said lot. The building of plaintiff East is erected immediately upon one of the side lines of one of the originally restricted lots, that is to say, by reason of her ownership of the north twenty-five feet of lot 17 and the south twenty-five feet of lot 18, her building, erected in the center of this space, covers the whole eight-foot strip along the boundary between lots 17 and 18, required by the restriction to be clear of buildings. The same condition obtains with reference to the three lots occupied by four houses. The owner of the adjoining lot nearest the buildings of defendant is not a party to this action, and plaintiffs neither alleged nor proved any special or other pecuniary damage. As was said by the supreme court of Massachusetts: ''Where there has been no uniform observance of the restrictions and substantially all the land owners have so conducted themselves as to indicate an abandonment of the right, which is in the nature of an easement, to have the neighborhood kept to the standard established by the original plan, and where the enforcement will not tend materially to restore to the district the character imposed upon it by the scheme, and the infraction complained of does not *diminish* the value of the other estates, then it would be inequitable and oppressive to compel at great loss a compliance with the restrictions." (*Loud* v. *Pendergast,* 206 Mass. 122, 125, [92 N. E. 40, 41]. See, also, *Zelman* v. *Kaufherr,* 76 N. J. Eq. 52, [73 Atl. 1048].)

There was no miscarriage of justice in the decision appealed from. The judgment is affirmed.

Lorigan, J., and Melvin, J., concurred.