[Civ. No. 5489. First Appellate District, Division One.—May 26, 1927.]

ROY E. JOYCE et al., Respondents, v. LENA KRUPP et al., Appellants.

[1] DEEDS—BUILDING RESTRICTIONS—ENFORCEABILITY AS BETWEEN LOT OWNERS—EASEMENTS.—In order that building restrictions in a deed to lots on a tract restricted under a uniform plan of improvement may be enforceable as between lot owners, it must appear that their insertion in the deed by the original grantor was, in effect, the creation of what amounts to a servitude, to the burden of which the lot of the defaulting owner is subjected as the servient tenement, and to the benefit of which the lot of the complaining owner is entitled as dominant tenement.

[2] ID.—NONOBSERVANCE OF RESTRICTIONS—ACTIONS.—Where a covenant in a deed to a lot in a restricted tract gave one lot owner a right of action against others for the violation of restrictions occurring on lots fronting on the same street and in the same block, the lot owner's right to enforce restrictions against an owner in the same block, who purchased the lot with a knowledge of the restriction, was not affected by the nonobservance of restrictions by owners in other blocks.

[3] ID.—VIOLATION OF RESTRICTIONS—INJUNCTION.—In an action by the owners of a lot to enjoin the violation by an adjoining lot owner of uniform building restrictions contained in their deeds, and for damages, defendant is entitled to show in abatement of

---

1. See 7 Cal. Jur. 732; 9 Cal. Jur. 364; 7 R. C. L. 1115.

2. Right of enforcement by purchaser under general plan against another purchaser, notes, 14 Ann. Cas. 1021; Ann. Cas. 1913E, 822.

plaintiffs' action that plaintiffs themselves have violated the restrictions.

[4] ID.—EVIDENCE—APPEAL.—In such action, a ruling of the trial court sustaining an objection to defendant's question, asked of one of the plaintiffs on cross-examination, as to whether plaintiffs did not have a building on the rear of their lot occupied by persons from whom plaintiffs received rent, if offered to show that plaintiffs themselves violated the restrictions by using such structure for residence purposes, did not constitute reversible error, where the question as framed was to prove that plaintiffs had collected rent for the use of such structure, and not to prove that the structure was utilized for residential purposes, and the restrictions permitted customary outhouses, including a private stable and garage, which, if not used by plaintiffs, could have been rented by them without violating the restrictions.

[5] ID.—CONDITIONS—BREACH OF—FORFEITURE.—A condition is a qualification annexed to an estate on the happening of which the estate is enlarged or defeated, and it is created by mutual agreement of the parties and is binding on both, so that a breach of a condition works a forfeiture of the estate.

[6] ID.—COVENANTS—EQUITY.—A covenant is an agreement of the covenantor only, breach of which is merely ground for the recovery of damages, with the right to invoke equitable remedies to enjoin further violation and to abate the structure illegally erected.

[7] ID.—BREACH OF COVENANT—REMEDIES.—Where a deed contained a covenant restricting the use of the premises to first-class, private, one-family residences and a covenant and restriction providing that restrictions and conditions shall run with the land and that breach thereof may be enjoined, abated, or remedied by appropriate proceedings, the owners of lots under such deed were entitled to maintain an action for damages for breach of covenant, and, regardless of any provisions to that effect inserted in the deed, were entitled to the exercise of equitable remedies.

[8] ID.—VIOLATION OF UNIFORM BUILDING RESTRICTIONS—EVIDENCE—EQUITY—RELIEF.—Where equitable relief is sought by lot owners to restrain the violation of uniform building restrictions, proof of actual or substantial injury is not essential, the establishment of a violation of such restrictions being all that is necessary to entitle a complaining owner to relief.

---

5.   See 9 Cal. Jur. 335; 8 R. C. L. 1097.

6.   See 7 Cal. Jur. 779; 9 Cal. Jur. 336.

7.   See 9 Cal. Jur. 380; 7 R. C. L. 1188.

8.   Complainant's right to enforce building restrictions as dependent on his being damaged by violation thereof, note, Ann. Cas. 1914A, 904. See, also, 9 Cal. Jur. 380.

[9] ID.—ACTION AT LAW—DAMAGES.—In an action at law for damages for a violation of uniform building restrictions, substantial injury must be shown to justify an award of damages.

[10] ID. — RESTRICTIONS AS TO USE OF PROPERTY — CHARACTER OF BUILDINGS—EVIDENCE.—In an action for damages for violation of uniform building restrictions limiting the use of premises to first-class one-family private dwellings, the trial court properly considered the fact that defendant's building was not of a pleasing and beautifying appearance nor artistically constructed in determining whether plaintiffs' property had been injured by its erection and the amount of depreciation sustained as a result thereof.

(1) 18 C. J., p. 394, n. 18.  (2) 18 C. J., p. 404, n. 18.  (3) 18 C. J., p. 403, n. 10.  (4) 4 C. J., p. 961, n. 21.  (5, 6) 15 C. J., p. 1209, n. 3, p. 1292, n. 56, 60; 18 C. J., p. 352, n. 66, p. 366, n. 37, p. 375, n. 68.  (7) 32 C. J., p. 214, n. 53.  (8, 9) 18 C. J., p. 399, n. 81; 32 C. J., p. 208, n. 97.  (10) 15 C. J., p. 1311, n. 94.

APPEAL from a judgment of the Superior Court of Los Angeles County. Ralph H. Clock, Judge. Affirmed.

The facts are stated in the opinion of the court.

Erwin P. Werner for Appellants.

Ellis & Vickers, Kimpton Ellis and Joseph W. Vickers for Respondents.

KNIGHT, J.—This is an appeal by defendants from a judgment awarding damages in an action based upon the alleged violation of certain building restrictions contained in a deed.

Plaintiffs and defendants, respectively, were the owners of lots numbered 366 and 367 in a tract of land which had been theretofore subdivided and platted into a large number of blocks and lots and sold pursuant to a map thereof filed in the county recorder's office. All deeds thereto, including those conveying the lots to plaintiffs and defendants, contained the following uniform building restrictions: That until January 1, 1930, "the said premises shall be used for residence purposes only. That no building or structure whatever other than a first class private residence, with customary out-buildings, including a private stable or

garage, shall be erected, placed or permitted on said premises, or any part thereof . . . That only one such residence building shall be permitted on said lot at one time.'' The evidence shows that said restrictions were inserted in said deeds pursuant to a general plan or scheme for the improvement of said tract, and the court so found.

All of said deeds also contained a condition and covenant reading as follows: ''Provided, that a breach of any of the foregoing conditions shall cause said premises to revert to the said Grantor, its successors or assigns, each of whom, respectively, shall have the right to immediate re-entry upon said premises in the event of any such breach; and, as to the owner of any other lot in said tract fronting upon the same street and in the same block with the said premises, the foregoing restrictions and conditions shall operate as covenants running with the land, and the breach of any such covenant or the continuance of any such breach may be enjoined, abated, or remedied by appropriate proceedings by such Grantor, its successors or assigns or by any such owners, their heirs, devisees, executors, administrators, successors or assigns, but by no other person.''

Plaintiffs acquired lot number 366 in June, 1922, and about a month later established their residence thereon. In the interim defendants started to erect the building in controversy on their lot number 367, which adjoins plaintiffs' lot on the south in the same block and fronts on the same street. It was not until August 14, 1922, however, that the construction of said building had progressed far enough to enable plaintiffs to determine the style and character thereof, at which time they discovered that it was designed to be a duplex or two-family dwelling, and consequently violated said building restrictions. The next day, August 15, 1922, and again on August 16, 1922, plaintiffs notified defendants in writing of such violation, against which plaintiffs protested and demanded that defendants comply with the terms of their deed; but the latter, ignoring said written notices and demands, proceeded to and did complete said structure as originally planned by them, which resulted in plaintiffs instituting this action on September 30, 1922. The complaint sets forth two causes of action, the first being an equitable one under which injunctive relief was sought, both prohibitory and mandatory; the second was one at law for

damages. Upon trial the injunctive relief prayed for was denied, but under the second cause of action plaintiffs were awarded damages in the sum of fifteen hundred dollars, the trial court having found that "said building or structure erected (by defendants) upon said lot 367 is not a first-class private residence, but, on the contrary is, and is intended to be, a duplex or two-story residence which can be conveniently used by two families entirely separate and apart from each other"; and that the same "is an unsightly looking structure or building and . . . is so constructed and designed as to clearly show that it is a two-family dwelling or duplex house and not a first-class private residence"; and therefore violated the building restrictions contained in the deed (*Walker* v. *Haslett*, 44 Cal. App. 394 [186 Pac. 622]), for which plaintiffs were entitled to damages in the amount of the depreciation caused thereby to their property.

Defendants make no claim that the above findings are not supported by the evidence, nor do they question the validity of said building restrictions, nor that of the condition and covenant upon which plaintiffs' action is founded; but they seek to defeat plaintiffs' right of recovery upon the ground that said building "restrictions were not being observed and complied with generally by the owners of the lots on the same street and in the same tract"; that plaintiffs purchased their lot in said tract with full knowledge of those conditions, and that consequently none of the remedies provided for in said covenant were available to the latter, citing *Bryant* v. *Whitney*, 178 Cal. 640 [174 Pac. 32].

[1] We find no merit in the point. In order that such restrictions have force, not merely as between the original parties but as between lot owners, it must appear that their insertion in the deed by the original grantor was, in effect, the creation of what amounts to a servitude, to the burden of which the lot of the defaulting owner is subjected as the servient tenement, and to the benefit of which the lot of the complaining owner is entitled as dominant tenement. (*Werner* v. *Graham*, 181 Cal. 174 [183 Pac. 945]; *McBride* v. *Freeman*, 191 Cal. 152 [215 Pac. 678].) In other words, the right to enforce said restrictions by a lot owner depends upon the existence of a privity of estate or of contract between himself and the defaulting owner. [2] As will be noticed, the covenant under consideration conferring upon

one owner a right of action against another for a violation of said building restrictions limits his right of action to a violation occurring on a lot "fronting on the same street and in the same block" with his own, and is therefore unenforceable against those owning property in the same tract but beyond the boundaries mentioned, the reason being that as between himself and the latter owners no privity of estate or of contract exists. The evidence here shows without dispute that neither at the time plaintiffs acquired their lot nor at any later period was there any violation of such building restrictions on property situate within the same block and fronting on the same street as plaintiffs' property, except the violation committed by defendants. Therefore, even though it be conceded that there was a nonobservance of such restrictions by owners of lots situate in a portion of said tract against whom plaintiffs were given no right of action, such fact did not affect plaintiffs' right under the covenant to enforce the building restrictions against defendants and other owners with whom such privity existed. (*Werner* v. *Graham, supra; McBride* v. *Freeman, supra.*)   The case of *Bryant* v. *Whitney, supra,* upon which defendants rely, is different from the instant case in many of its material facts, and, besides, it appears that "There was no privity between the plaintiff and the defendant. . . . "

[3]   Defendants assign as error a ruling of the trial court sustaining plaintiffs' objection to the following question propounded to one of the plaintiffs while under cross-examination: "Is it or is it not a fact that you, in the rear of your house, and on the same lot, you have a building there that is occupied by two people for which you collect rent . . . ?" claiming that thereby they were denied the right to prove that plaintiffs themselves were violating said building restrictions. If it be assumed that in the absence of any affirmative allegation in the answer charging plaintiffs with having violated said building restrictions defendants were entitled to urge that defense, we think the court might well have allowed the question to be answered as a preliminary question, for defendants were entitled to show in abatement of plaintiffs' action, if such was the fact, that plaintiffs themselves had violated said building restrictions. (*Bryant* v. *Whitney, supra.*)   [4]   But we are not prepared to say that the error, if any there was, in sustaining the objection to this

particular question warrants a reversal of the judgment for the following reasons: At the time the objection was made, and in support thereof, plaintiffs asserted, and correctly so, we think, that if this particular question were answered in the affirmative, the fact would not be established thereby that a violation of the building restrictions had been committed, because, as they argue, under the terms of said deeds plaintiffs were entitled to build "customary outbuildings, including a private stable or garage," and, in the absence of any prohibitive clause to that effect, to rent the same, provided such structures were not rented or used for residential purposes in violation of the restrictions in said deed that "only one such residence building shall be permitted on said lot at one time." If, therefore, defendants' intention in asking said question was to prove this latter condition, their purpose could easily have been made clear by reframing the question after objection thereto had been sustained, so as to make it less ambiguous; and failure to pursue the matter further after the grounds of plaintiffs' objection had been amplified by the comment mentioned fairly implies that defendants' only purpose in asking said question was to prove that plaintiffs had collected rent for the use of their garage or stable or other outbuilding as such, and was not to prove that any such structure was being utilized for residential purposes. In that state of the record we are of the opinion that the single ruling complained of, if erroneous, does not justify a reversal of the judgment.

[5, 6] Further contention is made that said deeds, having provided that "the breach of any such covenant or the continuance of any such breach may be enjoined, abated or remedied by appropriate proceedings by such Grantor . . . or by any such owners . . . ", restricted plaintiffs to the exercise of the remedies mentioned, and consequently gave them no right of action for damages. We are unable to sustain this contention. In volume 9 of California Jurisprudence, at page 335, it is said: "The distinction between conditions and covenants is a decided one and the principles applicable quite different. A condition is a qualification annexed to an estate, upon the happening of which the estate is enlarged or defeated, and it differs from a covenant, in that it is created by mutual agreement of the parties, and

is binding upon both, whereas a covenant is an agreement of the covenantor only. A breach of a condition on which an estate is granted works a forfeiture of the estate, while the breach of a sole agreement of the covenantor is merely ground for the recovery of damages''; and in volume 7 of the same work, at page 778, it is again stated that "the ordinary remedy for nonfulfillment of a covenant is that the delinquent party must respond in damages," citing a large number of cases. In addition to an action for damages, however, the complaining owner is entitled to invoke equitable remedies to enjoin further violation and to abate the structure illegally erected (*Walker* v. *Haslett, supra;* 1 Pomeroy on Equitable Remedies, p. 283; 7 Cal. Jur., p. 779); and where, as here, both equitable relief and damages are sought in separate causes of action the defendant may not complain when the court, as it did in the instant case, denies the former and grants the latter. (*Alderson* v. *Cutting,* 163 Cal. 503 [Ann. Cas. 1914A, 1, 126 Pac. 157].) [7] It will be observed that the deeds under consideration contained both a condition and a covenant, the latter running with the land and inuring to the benefit of said owners. Therefore, under said covenant, plaintiffs were allowed to maintain an action for damages for the breach of said covenant and, regardless of any provisions to that effect inserted in said deeds, were also entitled to the exercise of equitable remedies. The insertion in said deeds of the provision purporting to confer upon owners the right to exercise equitable remedies was apparently intended to grant additional and not to restrict their remedies, although such provision was obviously unnecessary in view of the fact that in the absence thereof equitable remedies would have been available.

[8, 9] Contrary to the allegations made in defendants' answer, the court found that defendants' building "is not of a pleasing and beautifying appearance and is not of constructive value and a benefit, and is not a credit and advantage to the property of plaintiffs and every other property within said immediate vicinity . . . and is not artistically constructed''; and defendants claim that the court erred in considering the facts thus found as an element of damage. Where equitable relief is sought, proof of actual or substantial injury is not essential, the establishment of a violation

of a uniform building restriction being all that is necessary to entitle a complaining owner to relief (*Walker* v. *Haslett, supra*); but in an action at law, substantial injury must be shown to justify an award for damages (*Alderson* v. *Cutting, supra*). [10] It would therefore appear that the facts embodied in the foregoing finding were rightly considered by the court in determining whether or not plaintiffs' property had in fact been injured by the erection of defendants' building, and if so, the amount of depreciated value it had sustained as a result thereof. The asserted waiver to which defendants call attention was entirely foreign to the question of damages, having related to the allegation in plaintiffs' complaint that defendants' building was constructed in violation of an additional building restriction contained in said deeds which provided that no residence shall be constructed within two feet of either side line of the premises.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.