[Civ. No. 44145. Second Dist., Div. Two. Mar. 6, 1975.]

HOLLY S. BAUMAN, Plaintiff and Appellant, v.
ISLAY INVESTMENTS et al., Defendants and Respondents.

---

## COUNSEL

Henderson, Goodwin, Marking & Rogers and Robert E. Goodwin for Plaintiff and Appellant.

Goux, Romasanta & Anderle and Thomas P. Anderle for Defendants and Respondents.

---

## OPINION

**FLEMING, Acting P. J.**—Holly Bauman, on behalf of herself and all others similarly situated, appeals the judgment which dismissed her class action against Islay Investments, a partnership, for failure to establish the requisites for a class action.

Bauman's action, filed November 1971, relied on Civil Code section 1950.5 (former § 1951), which limits the landlord's claim against a tenant's deposit to secure performance of a rental agreement to the amount reasonably necessary to remedy the tenant's default and provides that bad faith retention of the unused portion of the deposit may subject the landlord to $200 damages in addition to actual damages. Bauman sought to represent past and present tenants of 22 apartment buildings owned by Islay in Santa Barbara and Ventura Counties, who, after 1 January 1971, the effective date of section 1950.5, entered written agreements with Islay Investments and paid "non-refundable cleaning fee[s]." Bauman alleged that Islay refused to refund those portions of the cleaning fees not used to clean the apartments of tenants who terminated their tenancies, that such tenants were entitled to recover the unused portions of their cleaning fees, that present tenants are entitled to injunctive and declaratory relief establishing their future right to unused portions of their cleaning fees.

In *Bauman* v. *Islay Investments,* 30 Cal.App.3d 752 [106 Cal.Rptr. 889], this court (Division Four) found section 1950.5 applicable to cleaning deposits and reversed a dismissal of the action on the pleadings.

On remand to the trial court, Islay put in issue the existence and composition of the asserted class and the presence of common questions of law and fact suitable for resolution by class action. The trial court ordered a hearing on the class issues, including the constitution, approximate numbers, and geographic location of the class; the existence of common questions of law and fact affecting class members; the superiority of a class action over other forms of relief available to class members; membership of plaintiff in the class; and plaintiff's ability to properly represent the class. Under this order plaintiff was required to establish by competent evidence the existence of the asserted class and the suitability of the action as a class action. The trial court's order for an early trial (hearing) on the class issues (see Code Civ. Proc., § 597) appropriately followed a procedure similar to that utilized under the Consumers Legal Remedies Act (Civ. Code, § 1781, subd. (c)) and the federal class action rules (Federal Rules of Civ. Proc., rule 23, subd. (c)(1); *City of San Jose* v. *Superior Court*, 12 Cal.3d 447, 453-454 [115 Cal.Rptr. 797, 525 P.2d 701].) Findings on class issues are essential in order to determine the court's jurisdiction over class members, the impracticality of bringing all members of the class before the court (Code Civ. Proc., § 382), the manageability of the action (Federal Rules of Civ. Proc., rule 23, subd. (b)(3)(D)), and the form and content of notice to members of the class. (See *Home Sav. & Loan Assn.* v. *Superior Court*, 42 Cal.App.3d 1006 [117 Cal.Rptr. 485].)

At the hearing on class issues, Bauman rested her entire case on the declarations of herself and her attorney. Bauman declared she had rented a furnished apartment from Islay in June 1971, paid a $40 cleaning deposit pursuant to a rental agreement, terminated her tenancy in less than a month, and received no refund from her cleaning deposit. Bauman's attorney declared there are 1,471 units in Islay apartment buildings in Santa Barbara and Ventura Counties. He added: "Of course, there is no way to know at this time whether any of the tenants thereafter moved from the area or the State. Holly Bauman is still a resident of Santa Barbara. Other members of the class who are seeking declaratory relief are current tenants of defendants' apartment houses. . . . Individual class members may be identified after discovery has disclosed the identity and number of tenants whose cleaning fee exceeded the costs of cleaning." Earlier in the proceedings Bauman's attorney had estimated the number of class members at 2,900. He based that estimate on assumptions that all 1,471 apartment units had tenants, each unit had two different tenants during the period covered by the

action, each tenant paid a cleaning deposit, and each tenant signed the same rental agreement as Bauman. With the exception of Bauman's individual case, Islay denied these assumptions in its answer. Bauman produced no competent evidence to support any of these assumptions.

At the hearing Islay presented evidence and declarations on its own behalf setting out the procedures it followed on the vacation of an apartment and outlining the diverse and varied problems that arose in connection with termination of tenancy. Thereafter, the trial court found, among other matters, that Bauman had not established the existence, composition, and location of the class; and that she had not shown that common questions of law and fact predominated over questions of law and fact individual to each member. The court concluded that Bauman had failed to establish the propriety of her action as a class action and dismissed her suit. We affirm.

1. ■ Bauman did not prove the existence, membership, and approximate size of her class, a prerequisite to a finding of the impracticality of bringing all members of the class before the court. (*Home Sav. & Loan Assn.* v. *Superior Court,* 42 Cal.App.3d 1006, 1010-1011 [117 Cal.Rptr. 485].) She offered no proof that anyone other than herself had rented a furnished apartment from Islay, signed the identical rental agreement, paid a cleaning deposit, moved out, and failed to receive a proper refund. She made no showing that anyone other than herself was dissatisfied with the cleaning arrangements for the vacation of a furnished apartment. Indeed, for all that appears in the record, other tenants may have preferred an arrangement that seems to limit their liability to a fixed amount over one that might appear open-ended or might require a larger deposit. Other than her own claim Bauman made no showing of the existence of any actual controversy with defendants, nor did she offer proof that anyone except herself and her counsel desired to prosecute the lawsuit or stood to profit from it. Without proof of the existence and composition of the class, the court could neither determine its jurisdiction over unidentified class members, nor the notice it would be proper to give them. At one point, Bauman told the trial court that "the exact number of class members is within the knowledge of Defendants and can be readily ascertained by their review of their own books and records." Yet despite ample opportunity for discovery on class issues, she failed to produce that "readily ascertainable" information for the court.

2. Nor did Bauman prove that common questions of law or fact affecting all members of the class predominated over unique questions affecting individual members only. On this score, we think it would have been possible for Bauman's action to have qualified as a valid class action, for if the alleged class existed it seems unlikely that any individual member would go to small claims court to prove the amount of the cleaning deposit, the condition of the apartment on termination of the tenancy, and the amount reasonably necessary to Islay to clean the apartment, all to recover actual damages in the neighborhood of $20. To recover more an individual member would need to prove bad faith of Islay in not refunding part of the cleaning deposit. Since a primary and salutory purpose of a class action is to redress small wrongs that otherwise might go unredressed (*Vasquez* v. *Superior Court,* 4 Cal.3d 800, 807 [94 Cal.Rptr. 796, 484 P.2d 964]), the difficulties in managing a class action involving a large number of plaintiffs could have been tolerated.

But plaintiff, a tenant of a furnished apartment for less than a month, failed to prove that her claim was typical of others in the class or that the issues in her case were similar to those in other cases. Islay's declarations asserted that liability, not merely damages, would be an issue with each member of the class, that some members waived their rights under Civil Code section 1950.5, that others were estopped to assert those rights, that Islay had offsetting claims for unpaid rent against other members of the class, that each terminated tenancy presented a different factual problem. Islay thus asserted that each member's right to recover was dependent on facts peculiar to his case, a state of affairs contraindicative of class action. (*City of San Jose* v. *Superior Court,* 12 Cal.3d 447, 459 [115 Cal.Rptr. 797, 525 P.2d 701]; *Weaver* v. *Pasadena Tournament of Roses,* 32 Cal.2d 833, 838-840 [198 P.2d 514].) Islay's assertions went uncontroverted. Apparently Bauman interviewed no prospective members of the class, deposed no witnesses, made no requests for admissions, presented no interrogatories, conducted no discovery, called no witnesses to testify, and examined no records. Not only did Bauman fail to show that other members of the class wanted to join her class action, but she failed to show what the claims of others might have been.

While it might have been possible for the trial court to assume with Bauman that other tenants paid similar cleaning fees and moved out with refunds owing to them, assumptions, inferences, and speculations are no substitute for evidence. We think the trial court correctly required

Bauman to prove that her action qualified as a class action, and when she failed to do this at a hearing held for that express purpose the court properly dismissed her suit.

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1975.