**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHRIS LUSBY TAYLOR; NANCY A.
PEPPLE-GONSALVES; GARY
KESSELMAN; WILLIAM J. PALMER;
DAWN E. STRUCK; SUSAN SWINTON,
              *Plaintiffs-Appellants,*

         v.

STEVE WESTLY; JOHN CHIANG,
         *Defendants-Appellees.*

No. 07-16902

D.C. No.
CV-01-02407-
WBS/GGH

CHRIS LUSBY TAYLOR; NANCY A.
PEPPLE-GONSALVES; GARY
KESSELMAN; WILLIAM J. PALMER;
DAWN E. STRUCK; SUSAN SWINTON,
              *Plaintiffs-Appellants,*

         v.

STEVE WESTLY; JOHN CHIANG,
         *Defendants-Appellees.*

No. 07-17223

D.C. No.
CV-01-02407-WBS/
GGH

OPINION

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted
April 24, 2008—San Francisco, California

Filed May 12, 2008

Before: Robert R. Beezer, Andrew J. Kleinfeld, and
Michael Daly Hawkins, Circuit Judges.

5309

Per Curiam Opinion

**COUNSEL**

William W. Palmer, Law Office of William W. Palmer, Sacramento, California, for the appellants.

Robin Johansen, Remcho, Johansen & Purcell, LLP, San Leandro, California, for the appellees.

**OPINION**

PER CURIAM:

This controversy has been the subject of extensive litigation in the district court and has generated two prior appeals. In both the prior appeals, plaintiffs prevailed. In the first appeal, we determined that the State of California did not have the sovereign immunity that it claimed. *See Taylor v. Westly* (*Taylor I*), 402 F.3d 924, 936 (9th Cir. 2005). In the second appeal, we concluded that the State's procedures for protecting the rights of owners of property in its escheat process were unconstitutional. *See Taylor v. Westly* (*Taylor II*), 488 F.3d 1197, 1201-02 (9th Cir. 2007). We required the district court to enjoin operation of the California escheat process and suggested that the district court require court approval of curative regulations. *See id.* at 1202.

After the plaintiff had won these two victories on appeal, the district court issued a preliminary injunction pursuant to our mandate. The State then eliminated the statutory and administrative procedure that we had determined to be unconstitutional. The State promulgated an entirely new statutory procedure addressing escheat. *See* Cal. Code Civ. P. § 1501.5(c) (West 2008); *see also id.* at §§ 1531, 1531.5, 1532, 1563, 1565. Concluding that the amendments remedied the constitutional defects we identified in *Taylor II*, the district court granted the Controller's motion to dissolve the injunction.

**[1]** We review a district court's decision disposing of a motion to modify or dissolve a preliminary injunction for abuse of discretion. *Credit Suisee First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126 n.7 (9th Cir. 2005). On its face, the new procedure complies with the due process standard established by the Supreme Court in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), and *Jones v. Flowers*, 547 U.S. 220 (2006). Under the new law, the Controller is required to provide pre-escheat " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,' " *Flowers*, 547 U.S. at 226 (quoting *Mullane*, 339 U.S. at 314). Thus, the plaintiffs' challenge, to the extent that it is a facial challenge against the new law, fails.

**[2]** The plaintiffs have also suggested that the Controller is administering or may administer the statute in such a way that the State still does not give notice reasonably calculated to reach people whose property is taken by the State of California under its escheat law. In *Tayor I*, we noted that the Controller's Office has, in the past, openly violated the escheat law. *See* 402 F.3d at 928 ("Thus the Controller is admitting right in her ad that she is violating the law!"). The Controller has hardly begun enforcing the new escheat law. We cannot say, on the record before us, that the district court abused its

discretion in dissolving the preliminary injunction. Our review in this case is confined by our limited standard of review, and is not a definitive adjudication of the constitutionality of the new law and administrative procedure.

**[3]** The district court also denied any interim attorney's fees to the plaintiffs. As the State correctly concedes, an award of attorney's fees is not barred by *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). The plaintiffs in this case were not merely a catalyst for change outside the court, as in *Buckhannon*. *See id.* at 605. In this case, the plaintiffs won their case twice in the Court of Appeals, and then pursuant to our mandate to the district court, they won an injunction in district court. *See Tipton-Whittingham v. City of L.A.*, 316 F.3d 1058, 1062 (9th Cir. 2003) ("[A] preliminary injunction . . . carr[ies] all the 'judicial imprimatur' necessary to satisfy *Buckhannon*."). The State of California then completely changed its escheat law in response to the relief the judiciary imposed. The plaintiffs won in court. It was quite plain under our previous decisions that there was no room at all for the State to keep things as they were.

**[4]** Though interlocutory or interim attorney's fees are the exception rather than the rule, in this case it was an abuse of discretion to deny them. *See Richard S. v. Dep't of Developmental Servs.*, 317 F.3d 1080, 1085 (9th Cir. 2003). The discrete stage of this litigation that plaintiffs won is over, because of the permanent change in the law that plaintiffs forced upon the State of California through the appeals and consequent injunction. Because of the magnitude of this case, and the disparity in litigation resources between parties, failure to award interim fees would create a considerable risk of starving out plaintiffs with what we have already determined to be good claims. The district court is directed to award interim attorney's fees for plaintiffs' work in the district court and in this Court regarding the challenge to California's old escheat statute.

With regard to these consolidated appeals, the plaintiff has lost the appeal addressing the dissolution of the preliminary injunction, but won the appeal addressing interim attorney's fees. The district court is directed to award interim attorney's fees for the work in district court and in this Court regarding the attorney's fees matter. We do not address calculation of reasonable attorney's fees, and leave that to the district court, to be resolved with such evidence, hearings, and testimony, as the district court may reasonably deem appropriate.

AFFIRMED in part, REVERSED in part. Each party to bear its own costs on appeal.