

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRIS LUSBY TAYLOR; GARY KESSELMAN; WILLIAM J. PALMER; DAWN E. STRUCK; SUSAN SWINTON, and NANCY A. PEPPLE-GONSALVES, On behalf of themselves and other persons similarly situated, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> JOHN CHIANG, in his capacity as Controller of the State of California; STEVE WESTLY, <br><br> Defendants - Appellants. | No. 09-15982 <br><br> D.C. No. 2:01-cv-02407-JAM-GGH <br><br><br> MEMORANDUM[*] |
| CHRIS LUSBY TAYLOR; NANCY A. PEPPLE-GONSALVES; GARY KESSELMAN; SUSAN SWINTON; WILLIAM J. PALMER, <br><br> Plaintiffs - Appellants, <br><br> and <br><br> DAWN E. STRUCK, | No. 09-16116 <br><br> D.C. No. 2:01-cv-02407-JAM-GGH |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff,

v.

JOHN CHIANG, in his capacity as
Controller of the State of California;
STEVE WESTLY,

Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 11, 2010[**]
San Francisco, California

Before: BEEZER, KLEINFELD, and HAWKINS, Circuit Judges.

The district court's award of attorneys' fees is reviewed for an abuse of discretion. Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1059 (9th Cir. 2006). Under that standard, "this court cannot reverse unless it has a definite and firm conviction that the district court committed a clear error of judgment." United States v. Tucor Int'l, Inc., 238 F.3d 1171, 1175 (9th Cir. 2001). We review de

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo legal determinations made in the attorneys' fees decision. Associated Gen. Contractors v. Smith, 74 F.3d 926, 931 (9th Cir. 1996).

Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815 (9th Cir. 2009), controls regarding the Culhane fees. Factually, Culhane's participation is not distinguishable, except that Culhane was a member of Plaintiffs' attorney's firm, which strengthens the claim. See id. at 822. The local rules for the Central District of California are materially similar to those in the Eastern District of California. Accordingly, Winterrowd cannot be distinguished on that ground.

The reduction in Plaintiffs' attorneys' requested hourly rates to $335 was not an abuse of discretion. We have instructed that "rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992) (emphasis added); see also Perdue v. Kenny A., 130 S. Ct. 1662, 1672 (2010). The declarations submitted by Plaintiffs do not establish rates that paying clients were charged. See Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by

3

considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."). The magistrate judge appropriately considered recent cases (from 2007 to 2008) with similar levels of difficulty, in a similar geographic area, and arrived at a reasonable rate. Id. at 1115 ("District judges can certainly consider the fees awarded by other judges in the same locality in similar cases.").

The district court's reduction in hours was not an abuse of discretion.[1] "[F]ollowing the lead of the Supreme Court, we have stressed that the familiarity of a district court with the underlying litigation warrants considerable deference to its findings on such matters as whether the hours claimed by prevailing counsel are redundant." Davis, 976 F.2d at 1544. "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible." Moreno, 534 F.3d at 1111.

---

[1] Appellants and Appellees have cross-appealed the district court's award of fees. Each side argues that the reduction was either too much or not enough. When we discuss the fee award in this case, we are addressing both sides' disagreement with the award.

We greatly appreciate the meticulous analysis the magistrate judge provided. It clearly, comprehensibly, and reasonably explains each step of the exercise of discretion.

When reducing the hours for the work separately delineated, the court gave cogent explanations for the various reductions to Plaintiffs' requested fees. Additionally, a sizeable amount of Plaintiffs' requested fees was block-billed. The district court has the "authority to reduce hours that are billed in block format." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). When doing so, the court "should explain how or why the reduction fairly balances those hours that were actually billed in block format." Id. (internal quotation marks omitted). Here, the court comprehensively explained why its reductions fairly balanced the unfairness to Defendants wishing to challenge the block-billed hours with those hours actually billed by Plaintiffs' counsel.[2]

We reject Defendants' arguments based on Hensley v. Eckerhart, 461 U.S. 424 (1983). It is true that, at this stage, the Plaintiffs have not been wholly successful on the entirety of their case. However, the interim fee award is for Plaintiffs' "work in the district court and in this Court regarding the challenge to California's old escheat statute," Taylor v. Westly, 525 F.3d 1288, 1290 (9th Cir. 2008), not for any success they might have under California's revised scheme.

---

[2] We also reject Defendants' argument that the magistrate judge misapplied the terms of the fee request stipulation. The magistrate judge was present when the stipulation was made, and understood what was intended by the parties.

Plaintiffs' case is not one that can be parsed into discrete pieces, as the litigation involves a common core of facts. The district court considered the limitation placed on it by this court's mandate to award fees regarding work under the old escheat statute, and fashioned its award appropriately.

At this interim stage, under the circumstances of this case, no enhancement to the fee award is warranted. See Perdue, 130 S. Ct. at 1673 (emphasizing the longstanding rule that "the lodestar method yields a fee that is presumptively sufficient to achieve th[e] objective[s]" underlying federal fee-shifting statutes and that upward departures from the lodestar amount are warranted only in "rare" and "exceptional" circumstances).

The district court's attorneys' fees and expenses order is AFFIRMED. Although we reject the district court's Winterrowd distinction and conclude that an award for Culhane's work is appropriate, we affirm the district court's alternate decision, awarding a reduced amount for Culhane's work. Costs shall be awarded in favor of plaintiffs, interest from April 24, 2009 shall be added to the award.