**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGNES SUEVER, deceased; MADONNA SUEVER; STEVE TUCKER; ALEXANDER VONDJIDIS; RICHARD W. SEITZINGER; JO-ANN SEITZINGER, individually and as trustees for the Seitzinger Family Trust; JOHNSTONE WHITLEY; TONY LEE; LYNN KEITH, on behalf of themselves as individuals and as taxpayers on behalf of other persons similarly situated,<br><br>          Plaintiffs - Appellants,<br><br>   v.<br><br>KATHLEEN CONNELL, in her individual and official capacity as former State Controller of the State of California; RICHARD CHIVARO, in his individual and official capacity; GEORGE DELEON, in his individual and official capacity; STEVE WESTLY, in his individual and official capacity as Controller of the State of California, and his custodial capacity as administrator for the Unclaimed Property Fund; JOHN CHIANG,<br><br>          Defendants - Appellees. | No. 10-17127<br><br>D.C. No. 5:03-cv-00156-RS<br><br>MEMORANDUM[*] |

---

          [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted June 12, 2012[**]
San Francisco, California

Before: D.W. NELSON, RAWLINSON, and IKUTA, Circuit Judges.

Agnes Suever et al. appeal the district court's denial of a continuance pursuant to Federal Rule of Civil Procedure 56(f),[1] and the grant of summary judgment to the California State Controller for Appellants' claims under § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

The district court did not abuse its discretion in denying Appellants' requests for a continuance. Appellants failed to identify specific new information that would arise from further discovery and which would preclude summary judgment. *See Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006);

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Now Rule 56(d) of the Federal Rules of Civil Procedure.

[2] Appellees filed an unopposed motion for judicial notice on July 22, 2011. We grant the motion because the referenced documents arise from proceedings that directly relate to this appeal. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). However, our notice of these documents, standing alone, is not determinative of any of the issues on appeal.

*Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990).

The district court properly granted summary judgment to the Controller. First, Appellants' claims regarding mail notice simply amount to the contention that the notice procedure in the current version of California's Unclaimed Property Law ("UPL"), Cal. Civ. Proc. Code §§ 1300, *et seq.*, is constitutionally infirm. These claims are foreclosed, however, by *Taylor v. Westly* (*Taylor III*), 525 F.3d 1288, 1289 (9th Cir. 2008) (per curiam).

Second, Appellants' claim regarding the use of auditors fails to raise a triable issue. Appellants fail to raise any genuine factual dispute that is material to whether the Controller violated federal law by retaining auditors. Nor can Appellants identify what part of the Constitution is offended by the auditors' involvement. On this basis, no fair-minded jury could conclude that the Controller's use of auditors deprived Appellants of rights secured by the Constitution or Federal laws for purposes of § 1983. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Third, Appellants' claim that the Controller disobeys the UPL is barred by the Eleventh Amendment because it is premised solely on compliance with state law. *Suever v. Connell* (*Suever I*), 439 F.3d 1142, 1148 (9th Cir. 2006).

3

Fourth, Appellants' claims for retroactive interest and restitution are foreclosed by *Suever v. Connell* (*Suever II*), 579 F.3d 1047, 1059–60 (9th Cir. 2009).

Fifth, Plaintiff Valdes fails to adduce sufficient evidence to raise a triable issue whether the Controller wrongfully holds his property. He contends that the 1967 merger agreement is "the only thing" that would support his claim, yet even the agreement makes clear that the shares of Whittaker stock provided for indemnity belonged to Columbia Yacht, not Valdes.

Sixth, Plaintiffs Keith and Whitley fail to raise a triable issue that the Controller holds Whitley's property. The record shows that the Controller already paid Keith's great-grandfather and grandfather their share of a liquidated trust that once held reversionary rights to land. Keith fails to set forth "specific facts" showing that her ancestors were entitled to more than they received from the Controller. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

**AFFIRMED.**

4