**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MORNING STAR, LLC, a Nevada limited liability company, | No. 22-56119 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-04973-JVS-MAR |
| v. | |
| KEITH B. CANTER, Trustee of The Center Schoen Family Trust U/D/T March 17, 2015; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted July 18, 2023
Pasadena, California

Before: TASHIMA and FORREST, Circuit Judges, and CARDONE,** District Judge.

Plaintiff Morning Star, LLC appeals from the district court's order dissolving

a preliminary injunction that enjoined Defendants Keith Canter and Karen Schoen,

___

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

as trustees of their family trust (Trustees), from continuing construction on the second-story unit of their unfinished residence located on Lot 16. Lot 16 borders Morning Star's property, and Morning Star sought, and was initially granted, a preliminary injunction to enforce a restrictive covenant that prohibits the Trustees from building a residence "greater than one story" on Lot 16 (the Covenant). We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review the district court's order dissolving the preliminary injunction for abuse of discretion, *Taylor v. Westly*, 525 F.3d 1288, 1289 (9th Cir. 2008) (per curiam), and "underlying issues of law, . . . including the district court's interpretation of California state law," de novo, *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1126 n.7 (9th Cir. 2005) (citations omitted). Because the factors established in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), favor upholding the injunction, we conclude the district court abused its discretion, and we reverse with instructions to reinstate the preliminary injunction.[1]

---

[1]Because construction of the second-story unit resumed shortly after the district court's November 2022 order dissolving the preliminary injunction, we ordered the parties to file supplemental letters addressing the current construction status of the second-story unit on Lot 16 and whether there is any effective relief we can grant. *See City & County of San Francisco v. Garland*, 42 F.4th 1078, 1084 (9th Cir. 2022) ("We have an independent obligation to consider . . . mootness *sua sponte*." (citation omitted)). Our review of the supplemental filings indicates that construction of the second-story unit is ongoing such that we can still grant effective relief. *See In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) ("The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor."

2

"A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019). Whether an injunction should be dissolved, just like whether it should be granted, is "guided by" the *Winter* factors.[2] *Id.* The district court dissolved the preliminary injunction, finding that the Trustees' removal of the second-story window facing Morning Star's property was a significant change in facts that tipped the balance of hardships "heavily" in the Trustees' favor. Assuming removal of the window is "a significant change in facts," it does not warrant dissolution of the injunction because the *Winter* factors still favor injunctive relief.

First, Morning Star has demonstrated a likelihood of success on the merits. In *King v. Kugler*, the California Court of Appeal upheld a permanent injunction enjoining construction of a second-story unit as violative of a restrictive covenant

---

(citation omitted)); *Pizzuto v. Tewalt*, 997 F.3d 893, 903 (9th Cir. 2021) ("Dismissal on mootness grounds is 'justified only if it is absolutely clear that the litigant no longer has any need of the judicial protection that it sought.'" (alterations adopted) (citation omitted)). In fact, we are confounded by counsel for the Trustees' continued representation that "construction of the second unit above the garage has been completed," which is plainly false.

[2] A plaintiff seeking a preliminary injunction must establish that he is (1) "likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

that prohibited any structure "exceed[ing] 'one story in height.'" 197 Cal. App. 2d 651, 655–56 (1961). *King* suggests that the Trustees' second-story unit violates the plain terms of the restrictive covenant, which "will be" enforced unless a narrow exception applies. *See Nahrstedt v. Lakeside Vill. Condo. Ass'n*, 8 Cal. 4th 361, 381–82 (1994). Morning Star has thus established a strong likelihood of success on the merits.

Second, Morning Star is "likely to suffer irreparable harm in the absence of preliminary relief." *Karnoski*, 926 F.3d at 1198 (quoting *Winter*, 555 U.S. at 20). As the district court noted, California law recognizes that violation of a property right itself constitutes irreparable harm. *See, e.g.*, *Clear Lake Riviera Cmty. Ass'n v. Cramer*, 182 Cal. App. 4th 459, 473 (2010) (acknowledging the risk and harm associated with "refusing injunctive enforcement" of a community association's height restriction); *see also Joyce v. Krupp*, 83 Cal. App. 391, 398–99 (1927) (noting that a covenant violation is significant enough to entitle a plaintiff to permanent injunctive relief at the merits stage); *Walker v. Haslett*, 44 Cal. App. 394, 398 (1919) (same).

Third, the balance of the hardships weighs in favor of injunctive relief, notwithstanding removal of the second-story window. The district court focused on

the "properties' respective privacy"[3] and concluded that removal of the second-story window addressed the privacy invasion. But this discounts the inherent harm caused by violation of the restrictive covenant, which, under California law, courts must "strictly enforce[]" absent extraordinary circumstances. *Morgan v. Veach*, 59 Cal. App. 2d 682, 690–91 (1943) (citation omitted); *see also Nahrstedt*, 8 Cal. 4th at 380–82. Moreover, removal of the second-story window did not substantially alter the costs that the injunction imposed on the Trustees. Accordingly, the district court abused its discretion by putting dispositive weight on removal of the window, where the balance of the equities still favored an injunction. *See Karnoski*, 926 F.3d at 1198 (noting that the change in facts must "warrant[] . . . dissolution of the injunction" under the *Winter* factors (citation omitted)).[4]

**REVERSED and REMANDED.**[5]

---

[3]The Covenant's stated purpose is to "impose certain restrictive covenants . . . for the privacy *and benefit*" of Morning Star's property.

[4]We do not address the fourth *Winter* factor—whether the preliminary injunction is in the public interest—because the district court did not address it and because this factor is "at most a neutral factor in the analysis" where "the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties." *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138–39 (9th Cir. 2009) (citation omitted).

[5]The Trustees' motion for judicial notice, Dkt. No. 33, is GRANTED.